UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| BERT TERRENCE BURNS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-442 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| UNKNOWN BAUER et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff currently is incarcerated in the Riverside Correctional Facility. In his pro se complaint, he sues Officers (unknown) Bauer and Aaron Rossin of the Grand Rapids Police Department.

On the evening of May 26, 2004, Plaintiff was driving his 1989 Bonneville sedan on Division Avenue. According to Plaintiff it was a cloudy day and his windows are tinted very dark. The Defendant Officers stopped Plaintiff on the ground that his passenger was not wearing his seatbelt. Plaintiff maintains that his passenger was wearing his seatbelt, and that officers were using the alleged seatbelt violation as a pretext for "racial profiling." Plaintiff alleges that the officers searched his car without probable cause or a warrant and seized controlled substances, which resulted in a criminal prosecution. Plaintiff was convicted in the Kent County Circuit Court for possession of less than twenty-five grams of cocaine and delivery of less than fifty grams of cocaine. The trial court sentenced him on April 19, 2005, to prison terms of two-and-one half to fifteen years and three-and-one half to fifty years, respectively. Plaintiff filed a notice of appeal in the Michigan Court of Appeals. His appeal remains pending.

For relief, Plaintiff seeks monetary damages in excess of two million dollars.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations suggest that the Defendant Officers subjected him to an unlawful stop and conducted an illegal search and seizure in violation of his Fourth Amendment rights. Plaintiff's claim for monetary relief for alleged violations of Constitutional rights is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff's Fourth Amendment claims clearly call into question the validity of his convictions. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated. *See Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995); *Martin v. Girard*, No. 98-1215, 2000 WL 658326, at *2 (6th Cir. May 12, 2000).

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-

1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  July 20, 2005                               /s/ Gordon J. Quist
                                                                                               GORDON J. QUIST
                                                                                            UNITED STATES DISTRICT JUDGE